RECEIVED
2013 FEB 24  P 5: 40
U S DISTRICT COURT SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARTIS SEGUROS URUGUAY S.A.,

                        Plaintiff,

-against-

TRANSPAC CONTAINER SYSTEM LIMITED
d/b/a BLUE ANCHOR LINE; "RIO
BLACKWATER" SCHIFFFAHRTSGESELL-
SCHAFT MBH & CO. KG; and M.V. BUENOS
AIRES EXPRESS, *in rem*,

                        Defendants.

---

ECF Case

**COMPLAINT**



Plaintiff CHARTIS SEGUROS URUGUAY S.A., by and through its undersigned counsel, for its Complaint against Defendants TRANSPAC CONTAINER SYSTEM LIMITED d/b/a BLUE ANCHOR LINE; "RIO BLACKWATER" SCHIFFFAHRTSGESELLSCHAFT MBH & CO. KG; and M.V. BUENOS AIRES EXPRESS, *in rem*, alleges as follows:

1. This suit concerns the loss of three 40-foot refrigerated shipping containers containing 3,039 cartons of frozen beef during their ocean shipment from Montevideo, Uruguay to Houston, Texas. Plaintiff's damages are $400,787.64.

### PARTIES AND STANDING

2. Plaintiff CHARTIS SEGUROS URUGUAY S.A. is an insurance company organized in Uruguay with its principal office at Colonia 999, Montevideo, Uruguay. Plaintiff brings this action on its own behalf, on behalf of its insured assigns, and on behalf of anyone else with an interest in the cargo at issue in this case.

3. Defendant TRANSPAC CONTAINER SYSTEM LIMITED ("Blue Anchor") is, on information and belief, a limited company organized under Hong Kong law that does business

under the trade name "Blue Anchor Line."  Blue Anchor has its principal office at 24/F, Massmutual Tower, 38 Gloucester Road, Wan Chai, Hong Kong.

4. Defendant Blue Anchor operates as a carrier of goods in maritime commerce.

5. Defendant M.V. BUENOS AIRES EXPRESS (alternatively the "Vessel") is a vessel in maritime commerce that is subject to a maritime lien and the *in rem* jurisdiction of this Court.  The Vessel is, on information and belief, a container ship built in the year 2000 that is registered in Liberia, uses the call sign A8HL4, and has a deadweight tonnage of 68,122.

6. Defendant "RIO BLACKWATER" SCHIFFFAHRTSGESELLSCHAFT MBH & CO. KG ("Rio Blackwater") is, on information and belief, a limited partnership organized under German law with its principal office at Palmaille 67, 22767 Hamburg, Germany.  Defendant Rio Blackwater is registered with the International Maritime Organization under number 5023704.

7. Defendant Rio Blackwater is, on information and belief, the owner of the Vessel.

## JURISDICTION AND VENUE

8. This is an admiralty and maritime claim within the meaning of Rule 9(h), and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

9. This Court has personal jurisdiction over Defendants Blue Anchor and Rio Blackwater pursuant to the "JURISDICTION AND LAW" provision (¶ 21) of the bills of lading attached to this Complaint as Exhibit 1.

10. In addition, this Court also has personal jurisdiction over Defendants Blue Anchor and Rio Blackwater because both Defendants have a regular and continuous presence in this State and have purposefully availed themselves of this State's benefits and protections.

11. The M.V. BUENOS AIRES EXPRESS calls at ports within the jurisdiction of this Court and is subject to maritime arrest and the *in rem* jurisdiction of this Court.

12. Venue is proper pursuant to 28 U.S.C. § 1391.

## THE SHIPMENT

13. On February 12, 2012 Opticarnes Aldenar S.A. ("Opticarnes") tendered three refrigerated shipping containers holding 3,039 packages of frozen beef to Defendant Blue Anchor for shipment by ocean vessel from Uruguay to the United States (the "Shipment").

14. Defendant Blue Anchor issued three Bills of Lading to memorialize the Shipment, copies of which are attached to this Complaint as Exhibit 1.

15. The Shipment was to travel by ocean from Montevideo, Uruguay to Houston, Texas on board the M.V. BUENOS AIRES EXPRESS.

16. On February 26, 2012, while the voyage was underway, a fire started in the Vessel's engine room. The fire was extinguished.

17. After the fire, Defendants deviated from their planned voyage and instead towed the Vessel to the Bahamas.

18. The Vessel arrived at the Port of Freeport on May 5, 2012. The Bahamas Department of Environmental Services determined that the Shipment had completely spoiled and condemned the Shipment in its entirety. The Shipment was destroyed.

19. Plaintiff underwrote a policy of insurance that protected the Shipment against the risk of loss during transit.

20. Plaintiff paid Opticarnes the sum of $400,787.64 to compensate it for the loss of the Shipment, and Opticarnes executed subrogation receipts giving Plaintiff the right to recover from Defendants for the Shipment's loss.

### DEFENDANTS' FAULT AND PRIVITY

21. Shortly after the fire, Plaintiff's representatives (and also representatives of other cargo owners) contacted Defendants and began investigating the fire. Plaintiff's representatives requested that Defendants provide various records to further their investigation, but Defendants have thus far failed to turn over much of the requested documentation.

22. The one-year COGSA time-bar date is near, and Defendant Blue Anchor has refused to provide an extension of the time bar, notwithstanding the ongoing investigation.

23. Based on Plaintiff's investigation to date, it appears that Defendants' fault and privity caused the fire because the Vessel was unseaworthy at the beginning of the voyage, Defendants failed to exercise due diligence to make the Vessel seaworthy, and the Vessel's unseaworthiness caused the fire to start.

24. Plaintiff reserves the right to include additional grounds and/or further details regarding Defendants' fault and privity in the future, as revealed by its ongoing investigation and/or in discovery in this action.

### CAUSE OF ACTION: CARRIAGE OF GOODS BY SEA ACT ("COGSA")

25. Defendants received the Shipment in good order and condition in Uruguay.

26. Defendants failed to deliver the Shipment to the consignee in Texas.

27. Defendants are liable to Plaintiff pursuant to the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 note.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

    i.    judgment against Defendants in the amount of $400,787.64, or such other or further amount as may be established;

ii. an order directing the arrest and/or attachment of the M.V. BUENOS AIRES EXPRESS and/or the property of any one or more of the Defendants, on further application by Plaintiff;

iii. fees and costs as allowed by law; and

iv. such other and further relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

Dated: New York, New York
February 24, 2013

DAVID JENSEN PLLC

By: _____

David D. Jensen, Esq.
111 John Street, Suite 230
New York, New York 10038
Tel: 212.380.6615
Fax: 917.591.1318
david@djensenpllc.com

*Attorney for Plaintiff*

-5-